**JACKSON LEWIS P.C.**
Timothy M. McCarthy, Esq. (PA ID #319308)
Sophia M. Czerniecki, Esq. (PA ID #334058)
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102
Phone: 267-319-7802
timothy.mccarthy@jacksonlewis.com
sophia.czerniecki@jacksonlewis.com

*Attorneys for Defendants*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| ELIZABETH MALATESTA, | : |
| 4815 Weatherhill Drive | : |
| Wilmington, Delaware 19808 | : |
| | : |
| | : |
| Plaintiff, | : |
| v. | : |
| | : |
| SAKS FIFTH AVENUE | : |
| 12 East 49th Street | : |
| New York, NY 10017 | : |
| | : |
| HUDSON BAY COMPANY | : |
| 225 Liberty Street | : |
| New York, NY 10281 | : |
| | : |
| CHRIS REYES | : |
| c/o Saks Fifth Avenue | : |
| 12 East 49th Street | : |
| New York, NY 10017 | : |
| | : |
| ALLAN BAXTER | : |
| c/o Saks Fifth Avenue | : |
| 12 East 49th Street | : |
| New York, NY 10017 | : |
| | : |
| Defendants. | : |
| | : |

Hon._____, U.S.D.J.

Docket No.: _____

## NOTICE AND PETITION FOR REMOVAL

**PLEASE TAKE NOTICE** that Defendants, Saks Fifth Avenue and Hudson Bay Company (collectively referred to herein as "Defendants") by and through their attorneys of record, Jackson Lewis P.C., hereby file this Notice and Petition for Removal, seeking to remove the action captioned *Elizabeth Malatesta v. Saks Fifth Avenue, Hudson Bay Company, Chris Reyes, Allan Baxter*, No. 241203321 filed by Plaintiff Elizabeth Malatesta ("Plaintiff" or "Malatesta"), currently pending in the Court of Common Pleas, Philadelphia County (the "State Court Action"), to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446. The grounds for removal are as follows:

## TIMELINESS OF REMOVAL

1.    On December 31, 2024, Plaintiff commenced the State Court Action by filing a Complaint in the Pennsylvania Court of Common Pleas, Philadelphia County.

2.    The action was assigned Case Identification Number: 241203321.

3.    On January 28, 2025, Plaintiff served the above referenced Complaint on Defendants.

4.    In her Complaint, Plaintiff alleges Defendants subjected her to a period of harassment based on her age and sex and a sexual assault that led to her constructive discharge. (Compl. p. 3). Based on these factual allegations, she brings age discrimination claims in violation of the Age Discrimination in Employment Act ("ADEA")(Count I), and the Pennsylvania Human Relations Act ("PHRA")(Count III) and sexual harassment claims in violation of Title VII (Count II) and the PHRA (Count IV).[1]

---

[1] Plaintiff's Complaint incorrectly names two causes of action as "Count III," for the sake of these fillings, Defendants will consider Plaintiff's last cause of action as "Count IV."

5.      Notice of Removal is timely when filed within thirty (30) days of the date upon which Defendants are served with the initial pleading from which it could be ascertained the Plaintiff's case was removable and within one (1) year of the commencement of the action. 28 U.S.C. §1446(b)-(c).

6.      To date, Defendants have not filed anything with the State Court, including its response to the Complaint, which is currently due to be filed on or before February 18, 2025.

7.      Pursuant to 28 U.S.C. § 1446(a), a true and accurate copy of the Complaint is attached hereto as **Exhibit A**. This document constitutes all "processes, pleadings and orders" served upon Defendants in the State Court Action to date.

**REMOVAL BASED ON FEDERAL QUESTION AND DIVERSITY JURISDICTION**

8.      "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

9.      Defendants are entitled to remove the State Court Action to this Court pursuant to 28 U.S.C. § 1331 because Plaintiff asserts a cause of action against Defendants under federal law.

10.     Defendants are also entitled to remove the State Court Action pursuant to 28 U.S.C. § 1332(a), which provides that the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States and foreign states.  28 U.S.C. § 1332(a).

**Federal Question Jurisdiction**

11.     Removal of the State Court Action to this Court is appropriate under 28 U.S.C. § 1331 because Plaintiff asserts causes of action against Defendants under federal law. Pursuant to

3

28 U.S.C. § 1331, district courts have original jurisdiction over all actions arising under federal law.

12.     Determining whether a particular case arises under federal law turns on the "well-pleaded complaint rule." *Franchise Tax Bd. Of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1 (1983). The Supreme Court has explained that "whether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statues [,] … must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose." *Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914).

13.     This Court has original jurisdiction over this action because Plaintiff raises a claim based on federal statutes, the Age Discrimination in Employment Act ("ADEA") (Compl. ¶¶ 1-11), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, *et seq.* (Compl. ¶¶ 12-26).

14.     This Court may exercise supplemental jurisdiction over Plaintiff's remaining state law claims under the PHRA because they derive from a "'common nucleus of operative fact.'" *City of Chi. v. Int'l College of Surgeons*, 522 U.S. 156, 165 (1997) (quoting *Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)); *see also* 28 U.S.C. § 1367(a); 28 U.S.C. § 1441(c).

### Diversity Jurisdiction

15.     In addition to federal question jurisdiction, Defendants are entitled to remove the State Court Action to this Court because complete diversity of jurisdiction exists—i.e., Plaintiff and Defendants are citizens of different States and the amount in controversy contemplates an amount exceeding the amount in controversy requirement.

16.     Defendant Saks Fifth Avenue is a citizen of New York with its principal place of business at 12 East 49th Street, New York, New York 10017. *See* 28 U.S.C. § 1332(c)(1).

17.     Defendant Hudson Bay Company is a citizen of New York with its principal place of business at 225 Liberty Street, New York, New York 10281. *See* 28 U.S.C. § 1332(c)(1).

18.     As set forth in the Complaint, Plaintiff is an adult individual currently residing at 4815 Weatherhill Drive, Wilmington, Delaware 19808. (Compl. p. 3).

19.     Accordingly, complete diversity exists between the parties in the present action pursuant to 28 U.S.C. § 1332.[2]

20.     Moreover, as noted above, the Complaint asserts claims for hostile work environment, age discrimination, and sexual harassment in violation of the ADEA, Title VII, and PHRA.

21.     The entire amount in controversy, while not specifically enumerated in Plaintiff's Complaint, appears to contemplate an amount exceeding $75,000. *See Ciancaglione v. Sutherlin*, 2004 U.S. Dist. LEXIS 18589, at *3 (E.D. Pa. Sept. 13, 2015) ("When, as here, the parties are citizens of different states, this Court has diversity jurisdiction if the amount in controversy exceeds $75,000.").

22.     When removal is based on 28 U.S.C. § 1332(a), and the plaintiff does not specifically delineate damages sought in the complaint, courts must measure the amount by a reasonable assessment of the claim at issue. 28 U.S.C. § 1446(c)(2); *see also Werwinski v. Ford Motor Co.,* 286 F.3d 661, 666 (3d Cir. 2002) (finding that district courts must measure the amount in controversy "not . . . by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated") (quoting *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir.

---

[2] Upon information and belief, co-defendants Reyes and Baxter have not been served with the Complaint in this action.

1993)). In this matter, a reasonable reading of the Complaint supports Defendants' position that the amount in controversy exceeds $75,000.

23.    Here, Plaintiff seeks to recover for **each one of her four claims**, "in a sum in excess of Fifty Thousand ($50,000.00) Dollars, and for all damages available under the facts and Pennsylvania law." (Compl. pp. 9,11,13,15-16).

24.    Specifically, Plaintiff seeks relief including compensatory damages, interest, punitive damages, equivalent pay, back pay, front pay, liquidated damages, and loss of fringe benefits.

25.    Plaintiff here also seeks "fees," and "in calculating the amount in controversy, [a Court] must consider potential attorney's fees." *Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997). For purposes of determining the amount of attorney's fees relative to the amount in controversy, courts in this district have determined that the "median in the Third Circuit is roughly thirty percent (30%)" of the asserted damages and applied that rate. *Mazzucco v. Kraft Foods Global, Inc.*, 2011 U.S. Dist. LEXIS 150217, at *31 (D.N.J. Nov. 23, 2011).

26.    Inasmuch as Plaintiff is asserting that the damages exceed the arbitration limits of $50,000, it is more than plausible that the amount in controversy for Plaintiff's claims against Defendants exceeds $75,000.[3] *See Dart Cherokee Basin Operation Co. v. Owens*, 135 S. Ct. 547, 554 (2014) ("[D]efendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

---

[3] Defendants deny the validity and merit of Plaintiff's claims, including the damages claimed, the legal theory upon which its claims are purportedly based, and the claims for monetary and other relief that flow from them, but properly uses Plaintiff's alleged theories to demonstrate that it is more probable than not the amount in controversy exceeds $75,000. *See Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999) (determining amount in controversy at time of removal).

27.    Accordingly, this action is one over which the United States District Court has original jurisdiction under 28 U.S.C. § 1332(a) because there is diversity of citizenship among all parties in the State Court Action and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

28.    The Court of Common Pleas, Philadelphia County is located within the district of the United States District Court for the Eastern District of Pennsylvania.  As such, venue is proper because the State Court Action lies within the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

29.    Venue is also proper in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions alleged in the Complaint occurred within that judicial district.

30.    Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly give written notice of this Notice of Removal to Plaintiff's counsel of record and will file a copy of this Notice of Removal with the clerk of the state court in which the State Court Action is currently pending.

31.    This Notice of Removal is filed in compliance with Rule 11 of the Federal Rules of Civil Procedure.

32.    Defendants reserve all defenses currently available, including but not limited to, those under Rule 12(b) of the Federal Rules of Civil Procedure and does not waive said defenses by the filing of the instant Notice of Removal.

**WHEREFORE**, based on the foregoing, Defendants hereby remove the State Court Action to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1441 and 1446.

Respectfully submitted,

**JACKSON LEWIS P.C.**

*/s/ Timothy M. McCarthy*
Timothy M. McCarthy, Esq. (PA ID #319308)
Sophia M. Czerniecki, Esq. (PA ID #334058)
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102
Phone: 267-319-7802
timothy.mccarthy@jacksonlewis.com
sophia.czerniecki@jacksonlewis.com

*Attorneys for Defendants*

Dated: February 18, 2025

# EXHIBIT A

**TO: All Defendants**
You are hereby notified to file a written
response to the enclosed pleading within
twenty (20) days from the service
hereof or a judgment may be entered against
you.

**Attorney for Plaintiff**

KENT & McBRIDE, P.C.
BY: JILLIAN MCLAUGHLIN, ESQUIRE
IDENTIFICATION NO. 332471
1617 JFK BOULEVARD - SUITE 1140
PHILADELPHIA, PENNSYLVANIA 19103
(215) 568-1800 - Phone
ATTORNEY FOR PLAINTIFF), ELIZABETH MALATESTA
655.85306

| | |
|---|---|
| Elizabeth Malatesta, <br> 4815 Weatherhill Drive <br> Wilmington, Delaware 19808 <br><br> Plaintiff, <br><br> vs. <br><br> Saks Fifth Avenue <br> 12 East 49th Street <br> New York, New York 10017 <br><br> Hudson Bay Company <br> 225 Liberty Street <br> New York, NY 10281 <br><br> Chris Reyes <br> c/o Saks Fifth Avenue <br> 12 East 49th Street <br> New York, New York 10017 <br><br> Allan Baxter <br> c/o Saks Fifth Avenue <br> 12 East 49th Street <br> New York, New York 10017 <br><br> Defendant(s) | COURT OF COMMON PLEAS <br> PCCP COUNTY <br><br> CIVIL ACTION NO.: <br><br><br><br><br><br><br><br> **JURY DEMANDED** |

**COMPLAINT- CIVIL ACTION**

1

Case ID: 241203321

### NOTICE TO DEFEND

| <u>"NOTICE"</u> | <u>"AVISO"</u> |
|---|---|
| NOTICE You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.<br><br>*You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*<br><br>Philadelphia Bar Association Lawyer Referral and Information Service<br>One Reading Center<br>Philadelphia, Pennsylvania 19107<br>(215) 238-6333 TTY (215) 451-6197 | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.<br><br>*Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.*<br><br>Asociacion De Licenciados De Filadelfia Servicio De Referencia E Informacion Legal<br>One Reading Center<br>Filadelfia, Pennsylvania 19107<br>(215) 238-6333 TTY (215) 451-6197 |

Case ID: 241203321

## COMPLAINT

### I.    PRELIMINARY STATEMENT

Elizabeth Malatesta (hereinafter referred to as "Plaintiff") brings the instant action pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623, Title VII of the Civil Rights Act of 1964 ("Title VII"), 29 § 1604.11, and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons. Stat. Ann. § 953, following a period of ongoing harassment based on age and sex and a sexual assault that ultimately led to her constructive discharge from the employ of Defendant, Saks Fifth Avenue, LLC and Hudson Bay Company.  Defendant Chris Reyes is an adult individual and, during all relevant times, was employed by Defendant Saks Fifth Avenue and/or Defendant Hudson Bay Company.  Defendant Allan Baxter is an adult individual and, during all relevant times, was employed by Defendant Saks Fifth Avenue and/or Defendant Hudson Bay Company.

### II.    JURISDICTION AND VENUE

This Court has jurisdiction over Defendants because they are either located in Pennsylvania, are registered to do business in Pennsylvania, and/or engage in systematic and continuous contacts with Pennsylvania.

Venue in this action is proper pursuant to Pa. R. C.P. 2179 because the Defendants regularly conduct business in Philadelphia County, Pennsylvania.

### III.    PARTIES

Plaintiff Elizabeth Malatesta is an adult individual residing at 4815 Weatherhill Drive, Wilmington, Delaware 19808.

Defendant Saks Fifth Avenue is a luxury retail company with its headquarters located at 12 East 49th Street, New York, New York 10017. Defendant owns and operates stores located

3

Case ID: 241203321

throughout the United States and several other countries, including, but not limited to the store which employed Plaintiff, located at 2 Bala Plaza, Bala Cynwyd, Pennsylvania 19004.

Defendant Hudson Bay Company is a diversified global retailer in Canada and owns over 480 stores, including Saks Fifth Avenue. At all relevant times, Hudson Bay Company maintained, operated and controlled the Defendant store.

Defendant Chris Reyes is an adult individual and, during all relevant times, was employed by Defendant Saks Fifth Avenue and/or Defendant Hudson Bay Company.

Defendant Allan Baxter is an adult individual and, during all relevant times, was employed by Defendant Saks Fifth Avenue and/or Defendant Hudson Bay Company.

## IV.    <u>FACTUAL ALLEGATIONS</u>

1.    Plaintiff incorporates the proceeding paragraphs as if set forth in full.

2.    Plaintiff was hired by Defendant on or around July 22, 2019, at Defendant's Bala Cynwyd location as a Christian Dior Beauty Stylist.  Plaintiff was 43 years old on the date she was hired by Defendant.

3.    Plaintiff is 43 years old on the date she was hired by defendant.

4.    During all relevant times, Plaintiff performed her duties to the satisfaction of Defendant. For the duration of her employment with Defendant, Plaintiff secured hundreds of clients who returned for her services year after year, and significantly increased Defendant's sales of Dior's products on her own accord.

5.    On or around February 20, 2024, Chris Reyes, a Defendant employee, began making disparaging remarks to and about Plaintiff on relating to and on account of her age.

6.    Specifically, Mr. Reyes made fun of Plaintiff for being "old," and called Plaintiff an "old white woman" behind her back to multiple co-workers, including, but not limited to,

Case ID: 241203321

Tracy Billoti and Mark Schnovel. Mr. Reyes told Ms. Billoti and Mr. Schnovel that he was "going to get that old white woman fired."

7.    Mr. Reyes threatened to get Plaintiff fired on several occasions.

8.    On another occasion, Mr. Reyes stated to Plaintiff, "lose my number, you fucking cunt." Mr. Reyes regularly refused to complete his work duties while working alongside Plaintiff, despite her repeated requests for his assistance.

9.    Specifically, Mr. Reyes failed to perform duties including, but not limited to, cleaning, stocking, inventory, and makeovers when he was working alongside Plaintiff.

10.   Ms. Billoti sent a two-page document to Kim Jackson, Management, and Joan Gunwald, Cosmetic Supervisor detailing concerns with Mr. Reyes and specifically highlighting the harassment that he had been subjecting Plaintiff to.

11.   Upon information and belief, neither Ms. Jackson nor Ms. Gunwald responded to Ms. Billoti's letter or took any action to address Ms. Billoti's concerns.

12.   On or around March 20, 2024, Plaintiff advised Ms. Jackson and Ms. Gunwald during a meeting that she felt she was working in a hostile work environment due to Mr. Reyes' behavior and comments to and about her.

13.   Specifically, Plaintiff advised Ms. Jackson and Ms. Gunwald that she did not feel safe working with Mr. Reyes.

14.   Ms. Jackson and Ms. Gunwald merely gave Plaintiff advice on how to navigate her working relationship with Ms. Reyes.

15.   Specifically, Ms. Jackson and Ms. Gunwald advised Plaintiff to "try to get along with him" and "stay away from him" and told Plaintiff that they would adjust her hours so Plaintiff could avoid Mr. Reyes.

Case ID: 241203321

16. Notwithstanding these assurances, Ms. Jackson and Ms. Gunwald never adjusted Plaintiff's hours.

17. Ms. Jackson and Ms. Gunwald failed and/or refused to take any remedial corrective action upon receipt of Plaintiff's complaint.

18. Upon information and belief, Defendants Saks Fifth Avenue and Hudson Bay Company did not launch an investigation into Plaintiff's allegations of harassment.

19. Upon information and belief, no disciplinary and/or corrective action was taken against Mr. Reyes.

20. Following Plaintiff's March 20, 2024, meeting with Ms. Jackson and Ms. Gunwald, Mr. Reyes continued to make derogatory comments to and about Plaintiff regarding her age and refuse to perform his work duties while working alongside Plaintiff.

21. On May 13, 2024, Plaintiff was using the third-floor freight elevator at the same time as Allan Baxter, a Defendant employee.

22. Once the elevator doors closed, Mr. Baxter groped Plaintiff's breasts for multiple seconds in such a manner that he made contact with Plaintiff's skin, and made lewd and offensive comments about Plaintiff's body.

23. Plaintiff immediately exited the elevator and told her Visual Supervisor, Jefferson Healy, that she was sexually assaulted.

24. Mr. Healy stated to Plaintiff, "why don't you sleep on it?"

25. Plaintiff then reported to Joe Quinn, a co-worker, that she was sexually assaulted.

26. Mr. Quinn brought Plaintiff to security to report the incident.

27. Plaintiff also reported to Tia (last name unknown) in Security, Loss Prevention that she was assaulted. Tia told Plaintiff that she would look into it.

Case ID: 241203321

28. The next day, Plaintiff returned to the store and reported the sexual assault to Juan Garcia, Assistant General Manager.

29. Plaintiff advised Mr. Garcia that she did not feel safe coming back to work if Mr. Baxter was still there.

30. Plaintiff provided Mr. Garcia a two-page document detailing the assault.

31. Mr. Garcia told Plaintiff that he was sorry but made no further inquiries regarding Plaintiff's report of assault.

32. Following her conversation with Mr. Garcia, Plaintiff clocked out and went home.

33. Later that day, Mr. Garcia called Plaintiff and Plaintiff advised him again that she was afraid to come back to work if Mr. Baxter was still there.

34. Upon information and belief, Defendant did not launch an investigation into Plaintiff's allegation of sexual assault.

35. Upon information and belief, Defendant failed and/or refused to take prompt disciplinary and/or corrective action against Mr. Baxter.

36. Mr. Garcia merely told Plaintiff that he was sorry for what happened.

37. Out of fear for her physical and mental safety and well-being, Plaintiff resigned from employment with Defendant a few days after being sexually assaulted by Mr. Baxter.

Case ID: 241203321

<u>**COUNT I**</u>
**Hostile Work Environment Based on Age**
*Age Discrimination in Employment Act, 29 U.S.C. § 623*
**Plaintiff v. Defendants Saks Fifth Avenue, Hudson Bay Company, and Chris Reyes**

1.    Plaintiff incorporates the proceeding paragraphs as if set forth in full.

2.    The ADEA prohibits discriminatory and disparate treatment in employment on the basis of age.

3.    Plaintiff is an individual over 40 and thus qualifies for production under the ADEA. 29 U.S.C. § 621 *et seq.*

4.    Defendants' actions, set forth more specifically above, violate the ADEA, 29 U.S.C. § 623(a)(1), as:

    a.    Defendant was Plaintiff's employer at all times relevant to this action.

    b.    Defendant, by way of Chris Reyes, discriminated against Plaintiff by subjecting her to hostile and intolerable work conditions.

    c.    Defendant, by way of Mr. Reyes, discriminated against Plaintiff.

5.    Between February 2024 through May 2024 Defendant discriminated against Plaintiff on account of her age, as more fully described below:

    a.    Mr. Reyes called Plaintiff an "old white woman" to several of her co-workers;

    b.    Mr. Reyes told Tracy Billoti that he was "going to get that old white woman fired;"

    c.    Mr. Reyes threatened to get Plaintiff fired on multiple occasions;

    d.    Mr. Reyes refused to complete his work duties while working alongside Plaintiff.

6.    Age was the motivating factor, and but for Plaintiff's age, Defendants would not have discriminated against her.

Case ID: 241203321

7.     Said discrimination and harassment on the basis of age was willfully and knowingly undertaken by Defendants, and thereby exhibits a deliberate indifference to Plaintiff's statutorily protected rights.

8.     Defendants have an Anti-Discrimination/Anti-Harassment Policy.

9.     Though Plaintiff informed Defendants' management of her concerns with Mr. Reyes, according to the policy, Defendants' management did not properly address the situation to ensure that Mr. Reyes' harassment and discriminatory actions would cease.

10.     Defendants failed to take prompt remedial action to cure the hostile work environment that Plaintiff was subjected to.

11.     Plaintiff endured significant and ongoing mental anguish and emotional distress as a direct and proximate cause of the hostile work environment she was subjected to.

**WHEREFORE**, Plaintiff respectfully urges this Honorable Court to:

    a.   Declare Defendants' conduct to be in violation of the law;

    b.   Enjoin Defendants from engaging in such conduct;

    c.   Award Plaintiff back pay, front pay, fringe benefits, and other benefits of employment;

    d.   Award Plaintiff compensatory damages;

    e.   Award Plaintiff punitive damages;

    f.   Award Plaintiff attorney's fees and costs;

    g.   Award Plaintiff any other damages, remedies, and relief as this Court deems just and proper.

Case ID: 241203321

<u>**COUNT II**</u>
**Sexual Harassment/Hostile Work Environment**
*Title VII of the Civil Rights Act of 1964, 29 C.F.R. § 1604.11*
**Plaintiff v. All Defendants**

12.    Plaintiff incorporates the proceeding paragraphs as if set forth in full.

13.    Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended by the Civil Rights Act of 1991 ("Title VII") makes it unlawful to discriminate against any individual in the terms, conditions or privileges of employment on the basis of sex.

14.    Plaintiff is a female.

15.    Mr. Reyes referred to Plaintiff as a "fucking cunt."

16.    Mr. Baxter sexually assaulted Plaintiff.

17.    Mr. Baxter's sexual assault was sufficiently severe as to affect the terms and conditions of Plaintiff's employment with Defendants.

18.    Defendants are responsible for the conduct perpetrated against Plaintiff because Defendants knew of the sexual assault against Plaintiff and failed and/or refused to take prompt remedial measures to stop the harassment.

19.    Sex was the motivating factor, and but for Plaintiff's sex, Defendants would not have discriminated against her.

20.    Said discrimination and disparate treatment on the basis of sex was willfully and knowingly undertaken by Defendants, and thereby exhibits a deliberate indifference to Plaintiff's statutorily protected rights.

21.    Defendants have an Anti-Discrimination/Anti-Harassment Policy.

22.    Though Plaintiff informed Defendants' management of her concerns with Mr. Reyes, according to the policy, Defendants' management did not properly address the situation to ensure that Mr. Reyes' harassment and discriminatory actions would cease.

Case ID: 241203321

23.     Plaintiff was fully able to perform her assigned tasks, but for the unlawful sexual harassment and hostile work environment.

24.     The aforesaid adverse actions and harassment amount to constructive discharge where said actions changed the terms and conditions of employment and made working conditions so intolerable that a reasonable person in Plaintiff's position would have felt compelled to resign.

25.     A reasonable person in Plaintiff's position would find said working environment to be abusive and hostile.

26.     Plaintiff endured significant and ongoing mental anguish and emotional distress as a direct and proximate cause of the hostile work environment she was subjected to.

**WHEREFORE**, Plaintiff respectfully urges this Honorable Court to:

a.  Declare Defendants' conduct to be in violation of the law;

b.  Enjoin Defendants from engaging in such conduct;

c.  Award Plaintiff back pay, front pay, fringe benefits, and other benefits of employment;

d.  Award Plaintiff compensatory damages;

e.  Award Plaintiff punitive damages;

f.  Award Plaintiff attorney's fees and costs;

g.  Award Plaintiff any other damages, remedies, and relief as this Court deems just and proper.

Case ID: 241203321

## <u>COUNT III</u>
### Hostile Work Environment Based on Age
### *Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.*
### Plaintiff v. Defendants Saks Fifth Avenue, Hudson Bay Company, and Chris Reyes

27.   Plaintiff incorporates the proceeding paragraphs as if set forth in full.

28.   At all times relevant to this Complaint, Plaintiff was an "employee" of Defendants as that term is defined by the Pennsylvania Human Relations Act ("PHRA") 43 P.S. § 954.

29.   At all times relevant to this Complaint, Defendants were an "employer" of Plaintiff as that term is defined by the PHRA.

30.   The acts and omissions of Defendants constitute "unlawful discriminatory practices" under 43 P.S. § 955 because of her age.

31.   During all times relevant to this Complaint, Plaintiff was an individual over 40 years of age.

32.   Defendants' actions, set forth more specifically above, violate the ADEA, 29 U.S.C. § 623(a)(1), as:

    a.   Defendants were Plaintiff's employer at all times relevant to this action.

    b.   Defendants, by way of Chris Reyes, discriminated against Plaintiff by subjecting her to hostile and intolerable work conditions.

    c.   Defendants, by way of Mr. Reyes, discriminated against Plaintiff.

33.   Between February 2024 through May 2024 Defendants discriminated against Plaintiff on account of her age, as more fully described below:

    a.   Mr. Reyes called Plaintiff an "old white woman" to several of her co-workers;

    b.   Mr. Reyes told Tracy Billoti that he was "going to get that old white woman fired;"

    c.   Mr. Reyes threatened to get Plaintiff fired on multiple occasions;

    d.   Mr. Reyes refused to complete his work duties while working alongside Plaintiff.

12

Case ID: 241203321

34.     Age was the motivating factor, and but for Plaintiff's age, Defendants would not have discriminated against her.

35.     Said discrimination and harassment on the basis of age was willfully and knowingly undertaken by Defendants, and thereby exhibits a deliberate indifference to Plaintiff's statutorily protected rights.

36.     Defendants have an Anti-Discrimination/Anti-Harassment Policy.

37.     Though Plaintiff informed Defendants' management of her concerns with Mr. Reyes, according to the policy, Defendants' management did not properly address the situation to ensure that Mr. Reyes' harassment and discriminatory actions would cease.

38.     Defendants failed to take prompt remedial action to cure the hostile work environment that Plaintiff was subjected to.

39.     Plaintiff endured significant and ongoing mental anguish and emotional distress as a direct and proximate cause of the hostile work environment she was subjected to.

**WHEREFORE**, Plaintiff respectfully urges this Honorable Court to:

    a.  Declare Defendants' conduct to be in violation of the law;

    b.  Enjoin Defendants from engaging in such conduct;

    c.  Award Plaintiff back pay, front pay, fringe benefits, and other benefits of employment;

    d.  Award Plaintiff compensatory damages;

    e.  Award Plaintiff punitive damages;

    f.  Award Plaintiff attorney's fees and costs;

    g.  Award Plaintiff any other damages, remedies, and relief as this Court deems just and proper.

Case ID: 241203321

## <u>COUNT III</u>
**Hostile Work Environment Based on Sex**
***Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.***
**Plaintiff v. All Defendants**

40.    Plaintiff incorporates the proceeding paragraphs as if set forth in full.

41.    At all times relevant to this Complaint, Plaintiff was an "employee" of Defendants as that term is defined by the Pennsylvania Human Relations Act ("PHRA") 43 P.S. § 954.

42.    At all times relevant to this Complaint, Defendants were an "employer" of Plaintiff as that term is defined by the PHRA.

43.    The acts and omissions of Defendants constitute "unlawful discriminatory practices" under 43 P.S. § 955 because of her age.

44.    Plaintiff is female.

45.    Mr. Reyes referred to Plaintiff as a "fucking cunt."

46.    Mr. Baxter sexually assaulted Plaintiff.

47.    Mr. Baxter's sexual assault was sufficiently severe as to affect the terms and conditions of Plaintiff's employment with Defendants.

48.    Defendants are responsible for the conduct perpetrated against Plaintiff because Defendants knew of the sexual assault against Plaintiff and failed and/or refused to take prompt remedial measures to stop the harassment.

49.    Sex was the motivating factor, and but for Plaintiff's sex, Defendants would not have discriminated against her.

50.    Said discrimination and disparate treatment on the basis of sex was willfully and knowingly undertaken by Defendants, and thereby exhibits a deliberate indifference to Plaintiff's statutorily protected rights.

51.    Defendants have an Anti-Discrimination/Anti-Harassment Policy.

Case ID: 241203321

52.  Though Plaintiff informed Defendants' management of her concerns with Mr. Reyes, according to the policy, Defendants' management did not properly address the situation to ensure that Mr. Reyes' harassment and discriminatory actions would cease.

53.  Plaintiff was fully able to perform her assigned tasks, but for the unlawful sexual harassment and hostile work environment.

54.  The aforesaid adverse actions and harassment amount to constructive discharge where said actions changed the terms and conditions of employment and made working conditions so intolerable that a reasonable person in Plaintiff's position would have felt compelled to resign.

55.  A reasonable person in Plaintiff's position would find said working environment to be abusive and hostile.

56.  Plaintiff endured significant and ongoing mental anguish and emotional distress as a direct and proximate cause of the hostile work environment she was subjected to.

**WHEREFORE**, Plaintiff respectfully urges this Honorable Court to:

a.  Declare Defendants' conduct to be in violation of the law;

b.  Enjoin Defendants from engaging in such conduct;

c.  Award Plaintiff back pay, front pay, fringe benefits, and other benefits of employment;

d.  Award Plaintiff compensatory damages;

e.  Award Plaintiff punitive damages;

f.  Award Plaintiff attorney's fees and costs;

g.  Award Plaintiff any other damages, remedies, and relief as this Court deems just and proper.

15

Case ID: 241203321

**WHEREFORE**, Plaintiff demands Judgment against all Defendants in a sum in excess of Fifty Thousand ($50,000.00) Dollars, and for all damages available under the facts and Pennsylvania law.

**KENT & MCBRIDE, P.C.**

By: _____
    Jillian McLaughlin, Esquire
    Attorney for Plaintiff

Date: December 31, 2024

Case ID: 241203321

Docusign Envelope ID: 428ED77B-F956-4A93-9D33-CB1A1D22397C

# **V E R I F I C A T I O N**

I, Elizabeth Malatesta, hereby state that I am the Plaintiff herein and the facts set forth in the foregoing Civil Action Complaint are true and correct to the best of my knowledge, information, and belief.

This statement is made subject to the penalties of 18 Pa.C.S. §4904 relating to unsworn falsification to authorities.

Signed by:

*Elizabeth Malatesta*

0E7D10C6C6364F0...

Elizabeth Malatesta

Dated:  12/31/2024

Case ID: 241203321