**KENT & McBRIDE, P.C.**
**BY:  JILLIAN MCLAUGHLIN, ESQUIRE**
**IDENTIFICATION NO.  332471**
**1617 JFK BOULEVARD - SUITE 1140**
**PHILADELPHIA, PENNSYLVANIA  19103**
**(215) 568-1800 - Phone**
**ATTORNEY FOR PLAINTIFF), ELIZABETH MALATESTA**
655.85306

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Elizabeth Malatesta,<br>4815 Weatherhill Drive<br>Wilmington, Delaware 19808<br>　　　　　　　　　　Plaintiff,<br>　　　vs.<br><br>Saks Fifth Avenue<br>12 East 49th Street<br>New York, New York 10017<br><br>Hudson Bay Company<br>225 Liberty Street<br>New York, NY 10281<br><br>Allan Baxter<br>6923 Greenway Avenue<br>Philadelphia, PA 19142<br><br>　　　　　　　　　　Defendant(s) | Hon. Gerald A. McHugh, U.S.D.J.<br><br>DOCKET NO.: 2:25-cv-00863-GAM<br><br><br><br><br><br><br><br><br>**JURY DEMANDED** |

## FIRST AMENDED COMPLAINT

### I. PRELIMINARY STATEMENT

Elizabeth Malatesta (hereinafter referred to as "Plaintiff") brings the instant action pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623, and Title VII of the Civil rights Act of 1964 ("Title VII"), 29 U.S.C. § 1604.11, following a period of ongoing harassment based on age and sex and a sexual assault that ultimately led to her constructive discharge from the employ of Defendants, Saks Fifth Avenue, LLC and Hudson Bay Company. Additionally, Plaintiff brings claims of assault, battery, and intentional infliction of emotional against Defendant Allan Baxter based upon his sexual assault of Plaintiff. Defendant Baxter is an adult individual and, during all relevant times, was employed by Defendant Saks Fifth Avenue, LLC and/or Defendant Hudson Bay Company.[1]

### II. JURISDICTION AND VENUE

1. This Court may exercise original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343 as the claims are substantively based on Title VII and the ADEA.

2. Pursuant to 28 U.S.C. § 1391, venue is properly laid in this district because Defendants conduct substantial, systematic, and continuous activity in Philadelphia, Pennsylvania and is subject to personal jurisdiction in Pennsylvania.

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and

---

[1] On February 20, 2025, Counsel for Defendants Saks Fifth Avenue and Hudson Bay Company advised the undersigned that Defendants Saks Fifth Avenue and Hudson Bay consent to the within amendment.

substantial justice, satisfying the standard set forth by the Supreme Court of the United States in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) and its progeny.

4. Plaintiff has satisfied all jurisdictional prerequisites by filing with the appropriate administrative agency and receiving a Notice of Right to Sue.

### III. PARTIES

5. Plaintiff Elizabeth Malatesta is an adult individual residing at 4815 Weatherhill Drive, Wilmington, Delaware 19808.

6. Defendant Saks Fifth Avenue is a luxury retail company with its headquarters located at 12 East 49th Street, New York, New York 10017. Defendant owns and operates stores located throughout the United States and several other countries, including, but not limited to the store which employed Plaintiff, located at 2 Bala Plaza, Bala Cynwyd, Pennsylvania 19004.

7. Defendant Hudson Bay Company is a diversified global retailer in Canada and owns over 480 stores, including Saks Fifth Avenue. At all relevant times, Hudson Bay Company maintained, operated, and controlled the Defendant store.

8. Defendant Allan Baxter is an adult individual and, during all relevant times, was employed by Defendant Saks Fifth Avenue and/or Defendant Hudson Bay Company.

### IV. FACTUAL ALLEGATIONS

9. Plaintiff incorporates the preceding paragraphs as if set forth in full.

10. Plaintiff was hired by Defendant on or around July 22, 2019, at Defendant's Bala Cynwyd location as a Christian Dior Beauty Stylist. Plaintiff was 43 years old on the date she was hired by Defendant.

11. Plaintiff was 43 years old on the date she was hired by Defendant.

12. During all relevant times, Plaintiff performed her duties to the satisfaction of Defendant. For the duration of her employment with Defendant, Plaintiff secured hundreds of clients who returned for her services year after year, and significantly increased Defendant's sales of Dior's products on her own accord.

13. On or around February 20, 2024, Chris Reyes, a Defendant employee, began making disparaging remarks to and about Plaintiff on relating to and on account of her age.

14. Specifically, Mr. Reyes made fun of Plaintiff for being "old," and called Plaintiff an "old white woman" behind her back to multiple co-workers, including, but not limited to, Tracy Billoti and Mark Schnovel. Mr. Reyes told Ms. Billoti and Mr. Schnovel that he was "going to get that old white woman fired."

15. Mr. Reyes threatened to get Plaintiff fired on several occasions.

16. On another occasion, Mr. Reyes stated to Plaintiff, "lose my number, you fucking cunt." Mr. Reyes regularly refused to complete his work duties while working alongside Plaintiff, despite her repeated requests for his assistance.

17. Specifically, Mr. Reyes failed to perform duties including, but not limited to, cleaning, stocking, inventory, and makeovers when he was working alongside Plaintiff.

18. Ms. Billoti sent a two-page document to Kim Jackson, Management, and Joan Gunwald, Cosmetic Supervisor detailing concerns with Mr. Reyes and specifically highlighting the harassment that he had been subjecting Plaintiff to.

19. Upon information and belief, neither Ms. Jackson nor Ms. Gunwald responded to Ms. Billoti's letter or took any action to address Ms. Billoti's concerns.

20. On or around March 20, 2024, Plaintiff advised Ms. Jackson and Ms. Gunwald during a meeting that she felt she was working in a hostile work environment due to Mr. Reyes' behavior and comments to and about her.

21. Specifically, Plaintiff advised Ms. Jackson and Ms. Gunwald that she did not feel safe working with Mr. Reyes.

22. Ms. Jackson and Ms. Gunwald merely gave Plaintiff advice on how to navigate her working relationship with Ms. Reyes.

23. Specifically, Ms. Jackson and Ms. Gunwald advised Plaintiff to "try to get along with him" and "stay away from him" and told Plaintiff that they would adjust her hours so Plaintiff could avoid Mr. Reyes.

24. Notwithstanding these assurances, Ms. Jackson and Ms. Gunwald never adjusted Plaintiff's hours.

25. Ms. Jackson and Ms. Gunwald failed and/or refused to take any remedial corrective action upon receipt of Plaintiff's complaint.

26. Upon information and belief, Defendants Saks Fifth Avenue and Hudson Bay Company did not launch an investigation into Plaintiff's allegations of harassment.

27. Upon information and belief, no disciplinary and/or corrective action was taken against Mr. Reyes.

28. Following Plaintiff's March 20, 2024, meeting with Ms. Jackson and Ms. Gunwald, Mr. Reyes continued to make derogatory comments to and about Plaintiff regarding her age and refuse to perform his work duties while working alongside Plaintiff.

29. On May 13, 2024, Plaintiff was using the third-floor freight elevator at the same time as Allan Baxter, a Defendant employee.

30. Once the elevator doors closed, Mr. Baxter groped Plaintiff's breasts for multiple seconds in such a manner that he made contact with Plaintiff's skin, and made lewd and offensive comments about Plaintiff's body.

31. Plaintiff immediately exited the elevator and told her Visual Supervisor, Jefferson Healy, that she was sexually assaulted.

32. Mr. Healy stated to Plaintiff, "why don't you sleep on it?"

33. Plaintiff then reported to Joe Quinn, a co-worker, that she was sexually assaulted.

34. Mr. Quinn brought Plaintiff to security to report the incident.

35. Plaintiff also reported to Tia (last name unknown) in Security, Loss Prevention that she was assaulted. Tia told Plaintiff that she would look into it.

36. The next day, Plaintiff returned to the store and reported the sexual assault to Juan Garcia, Assistant General Manager.

37. Plaintiff advised Mr. Garcia that she did not feel safe coming back to work if Mr. Baxter was still there.

38. Plaintiff provided Mr. Garcia a two-page document detailing the assault.

39. Mr. Garcia told Plaintiff that he was sorry but made no further inquiries regarding Plaintiff's report of assault.

40. Following her conversation with Mr. Garcia, Plaintiff clocked out and went home.

41. Later that day, Mr. Garcia called Plaintiff and Plaintiff advised him again that she was afraid to come back to work if Mr. Baxter was still there.

42. Upon information and belief, Defendant did not launch an investigation into Plaintiff's allegation of sexual assault.

43. Upon information and belief, Defendant failed and/or refused to take prompt disciplinary and/or corrective action against Mr. Baxter.

44. Mr. Garcia merely told Plaintiff that he was sorry for what happened.

45. Out of fear for her physical and mental safety and well-being, Plaintiff resigned from employment with Defendant a few days after being sexually assaulted by Mr. Baxter.

**COUNT I**
**Hostile Work Environment Based on Age**
*Age Discrimination in Employment Act, 29 U.S.C. § 623*
**Plaintiff v. Defendants Saks Fifth Avenue, LLC and Hudson Bay Company**

46. Plaintiff incorporates the preceding paragraphs as if set forth in full.

47. The ADEA prohibits discriminatory and disparate treatment in employment on the basis of age.

48. Plaintiff is an individual over 40 and thus qualifies for production under the ADEA. 29 U.S.C. § 621 *et seq.*

49. Defendants' actions, set forth more specifically above, violate the ADEA, 29 U.S.C. § 623(a)(1), as:

    a. Defendant was Plaintiff's employer at all times relevant to this action.

    b. Defendant, by way of Chris Reyes, discriminated against Plaintiff by subjecting her to hostile and intolerable work conditions.

    c. Defendant, by way of Mr. Reyes, discriminated against Plaintiff.

50. Between February 2024 through May 2024 Defendant discriminated against Plaintiff on account of her age, as more fully described below:

    a. Mr. Reyes called Plaintiff an "old white woman" to several of her co-workers;

    b. Mr. Reyes told Tracy Billoti that he was "going to get that old white woman fired;"

    c.       Mr. Reyes threatened to get Plaintiff fired on multiple occasions;

    d.       Mr. Reyes refused to complete his work duties while working alongside Plaintiff.

51. Age was the motivating factor, and but for Plaintiff's age, Defendants would not have discriminated against her.

52. Said discrimination and harassment on the basis of age was willfully and knowingly undertaken by Defendants, and thereby exhibits a deliberate indifference to Plaintiff's statutorily protected rights.

53. Defendants have an Anti-Discrimination/Anti-Harassment Policy.

54. Though Plaintiff informed Defendants' management of her concerns with Mr. Reyes, according to the policy, Defendants' management did not properly address the situation to ensure that Mr. Reyes' harassment and discriminatory actions would cease.

55. Defendants failed to take prompt remedial action to cure the hostile work environment that Plaintiff was subjected to.

56. Plaintiff endured significant and ongoing mental anguish and emotional distress as a direct and proximate cause of the hostile work environment she was subjected to.

**WHEREFORE**, Plaintiff respectfully urges this Honorable Court to:

    a.  Declare Defendants' conduct to be in violation of the law;

    b.  Enjoin Defendants from engaging in such conduct;

    c.  Award Plaintiff back pay, front pay, fringe benefits, and other benefits of employment;

    d.  Award Plaintiff compensatory damages;

    e.  Award Plaintiff punitive damages;

    f.  Award Plaintiff attorney's fees and costs;

    g.  Award Plaintiff any other damages, remedies, and relief as this Court deems just and proper.

## COUNT II
### Sexual Harassment/Hostile Work Environment
*Title VII of the Civil Rights Act of 1964, 29 C.F.R. § 1604.11*
**Plaintiff v. Defendants Saks Fifth Avenue, LLC and Hudson Bay Company**

57. Plaintiff incorporates the preceding paragraphs as if set forth in full.

58. Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended by the Civil Rights Act of 1991 ("Title VII") makes it unlawful to discriminate against any individual in the terms, conditions or privileges of employment on the basis of sex.

59. Plaintiff is a female.

60. Mr. Reyes referred to Plaintiff as a "fucking cunt."

61. Mr. Baxter sexually assaulted Plaintiff.

62. Mr. Baxter's sexual assault was sufficiently severe as to affect the terms and conditions of Plaintiff's employment with Defendants.

63. Defendants are responsible for the conduct perpetrated against Plaintiff because Defendants knew of the sexual assault against Plaintiff and failed and/or refused to take prompt remedial measures to stop the harassment.

64. Sex was the motivating factor, and but for Plaintiff's sex, Defendants would not have discriminated against her.

65. Said discrimination and disparate treatment on the basis of sex was willfully and knowingly undertaken by Defendants, and thereby exhibits a deliberate indifference to Plaintiff's statutorily protected rights.

66. Defendants have an Anti-Discrimination/Anti-Harassment Policy.

67. Though Plaintiff informed Defendants' management of her concerns with Mr. Reyes, according to the policy, Defendants' management did not properly address the situation to ensure that Mr. Reyes' harassment and discriminatory actions would cease.

68. Plaintiff was fully able to perform her assigned tasks, but for the unlawful sexual harassment and hostile work environment.

69. The aforesaid adverse actions and harassment amount to constructive discharge where said actions changed the terms and conditions of employment and made working conditions so intolerable that a reasonable person in Plaintiff's position would have felt compelled to resign.

70. A reasonable person in Plaintiff's position would find said working environment to be abusive and hostile.

71. Plaintiff endured significant and ongoing mental anguish and emotional distress as a direct and proximate cause of the hostile work environment she was subjected to.

**WHEREFORE**, Plaintiff respectfully urges this Honorable Court to:

    a. Declare Defendants' conduct to be in violation of the law;

    b. Enjoin Defendants from engaging in such conduct;

    c. Award Plaintiff back pay, front pay, fringe benefits, and other benefits of employment;

    d. Award Plaintiff compensatory damages;

    e. Award Plaintiff punitive damages;

    f. Award Plaintiff attorney's fees and costs;

    g. Award Plaintiff any other damages, remedies, and relief as this Court deems just and proper.

## COUNT III
## Assault
### Plaintiff v. Defendant Allan Baxter

72. Plaintiff incorporates the preceding paragraphs as if set forth in full.

73. Defendant Baxter sexually assaulted Plaintiff and, accordingly, put Plaintiff in reasonable apprehension of immediate harmful and/or offensive touching

74. Defendant Baxter's assault of Plaintiff was entirely unjustified and constitutes an intentional assault upon Plaintiff.

75. As a result of the assault, Plaintiff was constructively discharged from her employment with Defendants and sustained significant mental injuries.

76. The totality of the conduct on the part of Defendant Baxter evidenced a willful, wanton, reckless, callous, and total disregard for the safety and physical well-being of Plaintiff.

77. Defendant Baxter's conduct was malicious and outrageous in nature, rendering Defendant liable for the assessment of punitive damages.

78. Plaintiff therefore seeks punitive damages under governing law in an amount within the jurisdictional limits of the Court.

**WHEREFORE**, Plaintiff respectfully urges this Honorable Court to:

    a. Declare Defendant Baxter's conduct to be in violation of the law;

    b. Enjoin Defendant Baxter from engaging in such conduct;

    c. Award Plaintiff compensatory damages;

    d. Award Plaintiff punitive damages;

    e. Award Plaintiff attorney's fees and costs;

    f. Award Plaintiff any other damages, remedies, and relief as this Court deems just and proper.

## COUNT IV
## Battery
## Plaintiff v. Defendant Allan Baxter

79. Plaintiff incorporates the preceding paragraphs as if set forth in full.

80. Defendant Baxter sexually assaulted Plaintiff and, accordingly, touched Plaintiff in a harmful and/or offensive manner.

81. Defendant Baxter's assault of Plaintiff was entirely unjustified and constitutes an intentional battery upon Plaintiff.

82. As a result of the battery, Plaintiff was constructively discharged from her employment with Defendants and sustained significant mental injuries.

83. The totality of the conduct on the part of Defendant Baxter evidenced a willful, wanton, reckless, callous, and total disregard for the safety and physical well-being of Plaintiff.

84. Defendant Baxter's conduct was malicious and outrageous in nature, rendering Defendant Baxter liable for the assessment of punitive damages.

85. Plaintiff therefore seeks punitive damages under governing law in an amount within the jurisdictional limits of the Court.

**WHEREFORE**, Plaintiff respectfully urges this Honorable Court to:

   a. Declare Defendant Baxter's conduct to be in violation of the law;

   b. Enjoin Defendant Baxter from engaging in such conduct;

   c. Award Plaintiff compensatory damages;

   d. Award Plaintiff punitive damages;

   e. Award Plaintiff attorney's fees and costs;

   f. Award Plaintiff any other damages, remedies, and relief as this Court deems just and proper.

## COUNT V
## Intentional Infliction of Emotional Distress
## Plaintiff v. Defendant Allan Baxter

86. Plaintiff incorporates the preceding paragraphs as if set forth in full.

87. Defendant Baxter's sexual assault of Plaintiff was entirely unjustified and constitutes intentional infliction of emotional distress upon Plaintiff.

88. As a result of the intentional infliction of emotional distress, Plaintiff was constructively discharged from her employment with Defendant and sustained significant mental injuries.

89. Defendant Baxter's actions were extreme, outrageous, totally outside the bounds of decency, and utterly intolerable in a civilized society.

90. As a result of Defendant Baxter's actions, Plaintiff has suffered and continues to suffer severe emotional distress and associated physical manifestations including severe anxiety, depression, PTSD, and body dysmorphia.

91. As a result of Defendant Baxter's conduct, Plaintiff has suffered a loss of earnings, loss of self-esteem, and loss of enjoyment of life.

92. As a result of Defendant Baxter's outrageous conduct, Plaintiff has been forced to consult and treat with health care providers, thereby incurring significant medical expenses.

93. The totality of the conduct on the part of Defendant Baxter evidenced a willful, wanton, reckless, callous, and total disregard for the safety and physical well-being of Plaintiff.

94. Defendant Baxter's conduct was malicious and outrageous in nature, rendering Defendant Baxter liable for the assessment of punitive damages.

95. Plaintiff therefore seeks punitive damages under governing law in an amount within the jurisdictional limits of the Court.

**WHEREFORE**, Plaintiff respectfully urges this Honorable Court to:

a. Declare Defendant Baxter's conduct to be in violation of the law;

b. Enjoin Defendant Baxter from engaging in such conduct;

c. Award Plaintiff compensatory damages;

d. Award Plaintiff punitive damages;

e. Award Plaintiff attorney's fees and costs;

f. Award Plaintiff any other damages, remedies, and relief as this Court deems just and proper.

**WHEREFORE**, Plaintiff demands Judgment against all Defendants in a sum in excess of Fifty Thousand ($50,000.00) Dollars), and any and all other relief as the Court may deem appropriate.

## JURY DEMAND

Plaintiff demands trial by jury on all issues set forth herein.

**KENT & MCBRIDE, P.C.**

By: _____
Jillian McLaughlin, Esquire
Attorney for Plaintiff

Date: February 21, 2025

## **V E R I F I C A T I O N**

I, Elizabeth Malatesta, hereby state that I am the Plaintiff herein and the facts set forth in the foregoing Civil Action Complaint are true and correct to the best of my knowledge, information, and belief.

This statement is made subject to the penalties of 18 Pa.C.S. §4904 relating to unsworn falsification to authorities.

Signed by: /s/ Elizabeth Malatesta
0E7D19C5C6354F0...
Elizabeth Malatesta

Dated:  2/20/2025

1