Timothy M. McCarthy, Esq. (PA ID #319308)
Sophia M. Czerniecki, Esq. (PA ID #334058)
JACKSON LEWIS P.C.
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102
Phone: 267-319-7802
*ATTORNEYS FOR DEFENDANTS*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ELIZABETH MALATESTA,           : | |
| :                              | |
| Plaintiff,                     : | Case No. 2:25-cv-00863-GAM |
| :                              | |
| v.                             : | |
| :                              | |
| SAKS & COMPANY LLC, ALLAN      : | |
| BAXTER,                        : | |
| :                              | |
| Defendants.                    : | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants Saks & Company LLC ("Defendant Saks") and Allen Baxter[1] ("Defendant Baxter") (collectively referred to herein as "Defendants"), by and through their undersigned counsel, submit the following Answer and Defenses to Plaintiff Elizabeth Malatesta's ("Plaintiff") Amended Complaint (referred to herein as "Complaint").

**I.   PRELIMINARY STATEMENT**

Defendants admit only that Plaintiff brings this lawsuit for alleged violations of the Age Discrimination in Employment Act ("ADEA"), and Title VII of the Civil Rights Act of 1964 ("Title VII") against Defendant Saks, as well as alleged claims of assault, battery, and intentional infliction of emotional distress against Defendant Baxter. Defendants also admit that Defendant Baxter is a

---

[1] Incorrectly named in Plaintiff's Complaint as "Allan Baxter."

former employee of Defendant Saks. Defendants specifically deny that they violated Plaintiff's rights in any manner whatsoever, that they violated any law or statute, or that Plaintiff is entitled to the relief sought.

## II.     JURISDICTION AND VENUE

1.      The allegations set forth in Paragraph 1 of the Complaint state conclusions of law to which no response is required. To the extent that any response is deemed to be required, Defendants admit that this Court has subject matter jurisdiction.

2.      The allegations set forth in Paragraph 2 of the Complaint state conclusions of law to which no response is required. To the extent that any response is deemed to be required, Defendants admit that venue is proper in this district.

3.      The allegations set forth in Paragraph 3 of the Complaint state conclusions of law to which no response is required. To the extent that any response is deemed to be required, the allegations are denied.

4.       The allegations set forth in Paragraph 4 of the Complaint state conclusions of law to which no response is required. To the extent that any response is deemed to be required, the allegations are denied.

## III.    PARTIES

5.      Upon information and belief, Defendants admit that Plaintiff is an adult individual residing at 4815 Weatherhill Drive, Wilmington, Delaware 19808.

6.      Defendants deny the allegations as set forth in Paragraph 6 of the Complaint.

7.      Defendants deny the allegations as set forth in Paragraph 7 of the Complaint.

8.      Defendants admit in part and deny in part the allegations as set forth in Paragraph 8 of the Complaint. Defendants admit only that Defendant Baxter was employed by Defendant

Saks. The remaining allegations are therefore denied.

## IV. FACTUAL ALLEGATIONS

9. Defendants restate and incorporate their answers to Paragraphs 1 through 8 of the Complaint as though set forth at length herein.

10. Defendants admit in part and deny in part the allegations set forth in Paragraph 10 of the Complaint. Defendants admit only that Plaintiff was hired by Defendant Saks around July 22, 2019. The remaining allegations are therefore denied.

11. Defendants deny the allegations as set forth in Paragraph 11 of the Complaint.

12. Defendants deny the allegations as set forth in Paragraph 12 of the Complaint.

13. Defendants deny the allegations as set forth in Paragraph 13 of the Complaint.

14. Defendants deny the allegations as set forth in Paragraph 14 of the Complaint.

15. Defendants deny the allegations as set forth in Paragraph 15 of the Complaint.

16. Defendants deny the allegations as set forth in Paragraph 16 of the Complaint.

17. Defendants deny the allegations as set forth in Paragraph 17 of the Complaint.

18. Defendants deny the allegations as set forth in Paragraph 18 of the Complaint.

19. Defendants deny the allegations as set forth in Paragraph 19 of the Complaint.

20. The allegations set forth in Paragraph 20 of the Complaint state conclusions of law to which no response is required. To the extent that any response is deemed to be required, the allegations are denied.

21. Defendants deny the allegations as set forth in Paragraph 21 of the Complaint.

22. Defendants deny the allegations as set forth in Paragraph 22 of the Complaint.

23. Defendants deny the allegations as set forth in Paragraph 23 of the Complaint.

24. Defendants deny the allegations as set forth in Paragraph 24 of the Complaint.

25. Defendants deny the allegations as set forth in Paragraph 25 of the Complaint.

26. Defendants deny the allegations as set forth in Paragraph 26 of the Complaint.

27. Defendants deny the allegations as set forth in Paragraph 27 of the Complaint.

28. Defendants deny the allegations as set forth in Paragraph 28 of the Complaint.

29. Defendants admit the allegations set forth in Paragraph 29 of the Complaint.

30. Defendants deny the allegations as set forth in Paragraph 30 of the Complaint.

31. Defendants admit in part and deny in part the allegations set forth in Paragraph 31 of the Complaint. Defendants admit that Plaintiff exited the elevator and at some point, had a conversation with Jefferson Healy. The remaining allegations constitute conclusions of law and are therefore denied. Defendants further deny the allegations set forth in Paragraph 31 and any wrongdoing or liability to Plaintiff whatsoever.

32. Defendants deny the allegations as set forth in Paragraph 32 of the Complaint.

33. The allegations set forth in Paragraph 33 of the Complaint state conclusions of law to which no response is required. To the extent that any response is deemed to be required, the allegations are denied.

34. Defendants deny the allegations as set forth in Paragraph 34 of the Complaint.

35. The allegations set forth in Paragraph 35 of the Complaint state conclusions of law to which no response is required. To the extent that any response is deemed to be required, the allegations are denied.

36. Defendants admit in part and deny in part the allegations set forth in Paragraph 36 of the Complaint. Defendants admit only that, at some point, Plaintiff spoke to Juan Garcia. The remaining allegations constitute conclusions of law to which no response is required. To the extent that any response is deemed to be required, the remaining allegations are denied.

37. Defendants admit in part and deny in part the allegations set forth in Paragraph 37 of the Complaint. Defendants admit only that, at some point, Plaintiff wrote in a resignation letter to Defendant Saks that she did "not feel safe at work." The remaining allegations are therefore denied.

38. Defendants deny the allegations as set forth in Paragraph 38 of the Complaint.

39. Defendants deny the allegations as set forth in Paragraph 39 of the Complaint.

40. Defendants deny the allegations as set forth in Paragraph 40 of the Complaint.

41. Defendants deny the allegations as set forth in Paragraph 41 of the Complaint.

42. Defendants deny the allegations as set forth in Paragraph 42 of the Complaint.

43. Defendants deny the allegations as set forth in Paragraph 43 of the Complaint.

44. Defendants deny the allegations as set forth in Paragraph 44 of the Complaint.

45. Defendants admit in part and deny in part the allegations as set forth in Paragraph 45 of the Complaint. Defendants admit only that on May 22, 2024, Plaintiff resigned from her position. The remaining allegations are therefore denied.

## AS TO COUNT I
**Hostile Work Environment Based on Age Directed to Defendant Saks**

46. Defendants restate and incorporate their answers to Paragraphs 1 through 45 of the Complaint as though set forth at length herein.

47. The ADEA is a writing that speaks for itself and thus all mischaracterizations thereof in Paragraph 47 of the Complaint are denied.

48. The allegations in Paragraph 48 of the Complaint state conclusions of law to which no response is required. To the extent that any response is deemed to be required, the allegations are denied.

49. The allegations in Paragraph 49 of the Complaint state conclusions of law to which

no response is required. To the extent that any response is deemed to be required, the allegations are denied.

      a. Defendant Saks admits in part and denies in part the allegations set forth in paragraph 49(a). Defendant Saks admits only that it was Plaintiff's employer but denies any liability to Plaintiff whatsoever.

      b. Defendant Saks denies the allegations as set forth in Paragraph 49(b).

      c. The allegations in Paragraph 49(c) of the Complaint state conclusions of law to which no response is required. To the extent that any response is deemed to be required, the allegations are denied.

50. The allegations in Paragraph 50 of the Complaint state conclusions of law to which no response is required. To the extent that any response is deemed to be required, the allegations are denied.

      a. Defendant Saks denies the allegations as set forth in Paragraph 50(a).

      b. Defendant Saks denies the allegations as set forth in Paragraph 50(b).

      c. Defendant Saks denies the allegations as set forth in Paragraph 50(c).

      d. Defendant Saks denies the allegations as set forth in Paragraph 50(d).

51. The allegations in Paragraph 51 of the Complaint state conclusions of law to which no response is required. To the extent that any response is deemed to be required, the allegations are denied.

52. The allegations in Paragraph 52 of the Complaint state conclusions of law to which no response is required. To the extent that any response is deemed to be required, the allegations are denied.

53. The allegations in Paragraph 53 of the Complaint state conclusions of law to which

no response is required. To the extent that any response is deemed to be required, the allegations are denied.

54. Defendant Saks denies the allegations as set forth in Paragraph 54.

55. The allegations in Paragraph 55 of the Complaint state conclusions of law to which no response is required. To the extent that any response is deemed to be required, the allegations are denied.

56. The allegations in Paragraph 56 of the Complaint state conclusions of law to which no response is required. To the extent that any response is deemed to be required, the allegations are denied.

## AS TO COUNT II
### Sexual Harassment/Hostile Work Environment Directed to Defendant Saks

57. Defendants restate and incorporate their answers to Paragraphs 1 through 56 of the Complaint as though set forth at length herein.

58. Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., is a writing that speaks for itself and thus all mischaracterizations thereof in Paragraph 58 of the Complaint are denied.

59. Upon information and belief, Defendant Saks admits that Plaintiff is a female.

60. Defendant Saks denies the allegations as set forth in Paragraph 60.

61. The allegations in Paragraph 61 of the Complaint state conclusions of law to which no response is required. To the extent that any response is deemed to be required, the allegations are denied.

62. The allegations in Paragraph 62 of the Complaint state conclusions of law to which no response is required. To the extent that any response is deemed to be required, the allegations are denied.

63. The allegations in Paragraph 63 of the Complaint state conclusions of law to which no response is required. To the extent that any response is deemed to be required, the allegations are denied.

64. The allegations in Paragraph 64 of the Complaint state conclusions of law to which no response is required. To the extent that any response is deemed to be required, the allegations are denied.

65. The allegations in Paragraph 65 of the Complaint state conclusions of law to which no response is required. To the extent that any response is deemed to be required, the allegations are denied.

66. Defendant Saks admits the allegations set forth in Paragraph 66 of the Complaint.

67. Defendant Saks denies the allegations as set forth in Paragraph 67 of the Complaint.

68. The allegations in Paragraph 68 of the Complaint state conclusions of law to which no response is required. To the extent that any response is deemed to be required, the allegations are denied.

69. The allegations in Paragraph 69 of the Complaint state conclusions of law to which no response is required. To the extent that any response is deemed to be required, the allegations are denied.

70. The allegations in Paragraph 70 of the Complaint state conclusions of law to which no response is required. To the extent that any response is deemed to be required, the allegations are denied.

71. The allegations in Paragraph 71 of the Complaint state conclusions of law to which no response is required. To the extent that any response is deemed to be required, the allegations are denied.

## AS TO COUNT III
### Assault Directed to Defendant Baxter

72. Defendants restate and incorporate their answers to the preceding paragraphs as if set forth at length herein.

73. The allegations in Paragraph 73 of the Complaint state conclusions of law to which no response is required. To the extent that any response is deemed to be required, the allegations are denied.

74. The allegations in Paragraph 74 of the Complaint state conclusions of law to which no response is required. To the extent that any response is deemed to be required, the allegations are denied.

75. The allegations in Paragraph 75 of the Complaint state conclusions of law to which no response is required. To the extent that any response is deemed to be required, the allegations are denied.

76. The allegations in Paragraph 76 of the Complaint state conclusions of law to which no response is required. To the extent that any response is deemed to be required, the allegations are denied.

77. The allegations in Paragraph 77 of the Complaint state conclusions of law to which no response is required. To the extent that any response is deemed to be required, the allegations are denied.

78. The statements set forth in Paragraph 78 of the Complaint are not allegations and therefore no response is required. To the extent that any response is deemed to be required, the allegations are denied. By way of further response, Defendant Baxter specifically denies having engaged in any unlawful conduct against Plaintiff and denies any and all liability to Plaintiff.

## AS TO COUNT IV
**Battery Directed to Defendant Baxter**

79. Defendants restate and incorporate their answers to the preceding paragraphs as if set forth at length herein.

80. The allegations in Paragraph 80 of the Complaint state conclusions of law to which no response is required. To the extent that any response is deemed to be required, the allegations are denied.

81. The allegations in Paragraph 81 of the Complaint state conclusions of law to which no response is required. To the extent that any response is deemed to be required, the allegations are denied.

82. The allegations in Paragraph 82 of the Complaint state conclusions of law to which no response is required. To the extent that any response is deemed to be required, the allegations are denied.

83. The allegations in Paragraph 83 of the Complaint state conclusions of law to which no response is required. To the extent that any response is deemed to be required, the allegations are denied.

84. The allegations in Paragraph 84 of the Complaint state conclusions of law to which no response is required. To the extent that any response is deemed to be required, the allegations are denied.

85. The statements set forth in Paragraph 85 of the Complaint are not allegations and therefore no response is required. To the extent that any response is deemed to be required, the allegations are denied. By way of further response, Defendant Baxter specifically denies having engaged in any unlawful conduct against Plaintiff and denies any and all liability to Plaintiff.

## AS TO COUNT V
### Intentional Infliction of Emotional Distress Directed to Defendant Baxter

86. Defendants restate and incorporate their answers to the preceding paragraphs as if set forth at length herein.

87. The allegations in Paragraph 87 of the Complaint state conclusions of law to which no response is required. To the extent that any response is deemed to be required, the allegations are denied

88. The allegations in Paragraph 88 of the Complaint state conclusions of law to which no response is required. To the extent that any response is deemed to be required, the allegations are denied.

89. The allegations in Paragraph 89 of the Complaint state conclusions of law to which no response is required. To the extent that any response is deemed to be required, the allegations are denied.

90. The allegations in Paragraph 90 of the Complaint state conclusions of law to which no response is required. To the extent that any response is deemed to be required, the allegations are denied.

91. The allegations in Paragraph 91 of the Complaint state conclusions of law to which no response is required. To the extent that any response is deemed to be required, the allegations are denied.

92. The allegations in Paragraph 92 of the Complaint state conclusions of law to which no response is required. To the extent that any response is deemed to be required, the allegations are denied.

93. The allegations in Paragraph 93 of the Complaint state conclusions of law to which no response is required. To the extent that any response is deemed to be required, the allegations

are denied.

94.     The allegations in Paragraph 94 of the Complaint state conclusions of law to which no response is required. To the extent that any response is deemed to be required, the allegations are denied.

95.     The statements set forth in Paragraph 95 of the Complaint are not allegations and therefore no response is required. To the extent that any response is deemed to be required, the allegations are denied. By way of further response, Defendant Baxter specifically denies having engaged in any unlawful conduct against Plaintiff and denies any and all liability to Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE**, having fully answered the Complaint, Defendants respectfully request that the Court deny all of Plaintiff's prayers for relief. Defendants further respectfully request that:

   a.  Judgment be entered in favor of Defendants and this action be dismissed with prejudice;

   b.  Judgment be entered in favor of Defendants for all costs and attorneys' fees incurred in the defense of this action; and

   c.  The Court grant Defendants such other and further relief as the Court may deem just and proper.

* * *

To the extent that any of Plaintiff's allegations in the Complaint have not been admitted or denied by Defendants, they are hereby denied.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following defenses, without prejudice to their right to argue that Plaintiff bears the burden of proof regarding some or all of these defenses.

**FIRST DEFENSE**

For the purposes of preserving a defense, Plaintiff has failed to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

**THIRD DEFENSE**

Plaintiff's claims against Defendant Saks should be dismissed because all actions taken by Defendant Saks with respect to Plaintiff were undertaken in good faith and for legitimate, non-discriminatory, non-retaliatory business reasons unrelated to Plaintiff's age, sex or any other protected characteristic.

**FOURTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, and any recovery of damages is precluded, because Plaintiff failed to mitigate her alleged damages.

**FIFTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because she did not suffer an adverse action.

**SIXTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, and any recovery of damages is precluded, because Defendants, at all times, acted in good faith, reasonably, and in accordance with all applicable laws.

**SEVENTH DEFENSE**

Plaintiff's claim for a hostile work environment or unlawful harassment against Defendant Saks is barred and any recovery of damages is precluded because Defendant Saks exercised reasonable care to prevent and correct promptly any alleged harassing behavior.

**EIGHTH DEFENSE**

Plaintiff cannot demonstrate severe and pervasive conduct that altered the conditions of her employment.

**NINTH DEFENSE**

Plaintiff's claim for constructive discharge against Defendant Saks is barred and any recovery of damages is precluded because Plaintiff knowingly and voluntarily terminated her employment with Defendant Saks by tendering her resignation.

**TENTH DEFENSE**

There is no basis for an award of punitive damages against Defendants.

**ELEVENTH DEFENSE**

Plaintiff's claims against Defendant Baxter are barred by the exclusivity provision of the Pennsylvania Worker's Compensation Act.

**TWELFTH DEFENSE**

Plaintiff has failed to establish that she possessed a reasonable apprehension of fear.

**THIRTEENTH DEFENSE**

The alleged actions by Defendant Baxter do not constitute extreme and outrageous conduct.

**FOURTEENTH DEFENSE**

Plaintiff cannot establish the requisite level of intent to prove a claim of an intentional infliction of emotional distress against Defendant Baxter.

**FIFTEENTH DEFENSE**

Plaintiff cannot establish the requisite level of intent to prove a claim of battery against Defendant Baxter.

**SIXTEENTH DEFENSE**

Plaintiff cannot establish the requisite level of intent to prove a claim of assault against Defendant Baxter.

Respectfully submitted,

**JACKSON LEWIS P.C.**

*/s/ Timothy M. McCarthy*
Timothy M. McCarthy, Esq. (PA ID #319308)
Sophia M. Czerniecki, Esq. (PA ID #334058)
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102
Phone: 267-319-7802
timothy.mccarthy@jacksonlewis.com
sophia.czerniecki@jacksonlewis.com

*Attorneys for Defendants*

Dated: March 21, 2025

## CERTIFICATION OF SERVICE

      I hereby certify that on this date, a true and correct copy of **Defendant's Answer to Plaintiff's Complaint** was served via the Court's electronic filing system upon all counsel of record.

| | |
|---|---|
| Dated: March 21, 2025 | Respectfully submitted, |
| | **JACKSON LEWIS P.C.** |
| | */s/ Timothy M. McCarthy* |
| | Timothy M. McCarthy, Esq. |